**John M. LAWS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART \*, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–16113.

D.C. No. CV–99–00568–MS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.\*\*

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

John M. Laws appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of his applications for Social Security disability insurance benefits and Supplemental Security Income disability benefits under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial of social security benefits. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996). The Commissioner's decision must be upheld if it is supported by substantial evidence and free of legal error. *Id.* We affirm.

Laws contends that the Administrative Law Judge's ("ALJ") analysis of his subjective complaints was deficient. This contention lacks merit. The ALJ properly rejected Laws' testimony that excess pain rendered him permanently disabled. The ALJ offered specific, clear, and convincing reasons why he found Laws' testimony regarding the extent of his pain to be not credible. *See Smolen*, 80 F.3d at 1284.

Laws contends that the ALJ accorded insufficient deference to the medical opinion of his treating physician, Dr. Coats. This contention also lacks merit because the ALJ "set forth specific, legitimate reasons" for rejecting Dr. Coat's opinion that Laws was permanently disabled. *Fair v. Bowen*, 885 F.2d 597, 604–605 (9th Cir. 1989).

The ALJ's hypothetical posed to the vocational expert was proper because it was supported by substantial evidence in the record. *See Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir.1982). Accordingly, substantial evidence supported the ALJ's determination that Laws had the residual functional capacity to perform light work and, therefore, was not disabled within the

---

\* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument and denies Laws' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

meaning of the Act. *See Smolen,* 80 F.3d at 1279.

**AFFIRMED.**

